(163 App. Div. 26)

### RAMMAURO v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1914.)

NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE—SUFFI-
    CIENCY OF PROBABLE EFFECT.

    After judgment against a surety company, surety on the bond of a
foreign ticket agent and banker, for money deposited, the banker having
absconded, had been affirmed and plaintiff had returned to Italy, the
banker reappeared, and defendant moved for a new trial on the ground
that he could disprove by the banker the fact of the deposit. The rec-
ords of the banker's office were accessible at the time of the trial, and
were not introduced by defendant. Held that the court did not, under
the circumstances, abuse its discretion in overruling the motion, both be-
cause there was no proper showing of diligence and because another trial
was almost certain to result the same way.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec.
Dig. § 108.*]

Appeal from Special Term, Kings County.

Action by Francesco Rammauro against the Illinois Surety Com-
pany. From an order denying its motion for a new trial, made after
affirmance of a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 152 App. Div. 934, 137 N. Y. Supp. 1139; 148 N. Y.
Supp. 1140.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON,
and PUTNAM, JJ.

Nelson L. Keach, of New York City, for appellant.

A. J. Oishei, of New York City, for respondent.

PUTNAM, J. This defendant moves for a new trial after the plain-
tiff, having given his testimony, returned to Italy, and the judgment
has been affirmed here and in the Court of Appeals. This motion has
been considered by the same learned judge who tried the cause, and his
denial requires appellant to show strong grounds why we should grant
him the extraordinary relief sought. The frauds of foreign ticket
agents, who engage also in remitting money to relatives and friends in
Europe, moved the Legislature to pass chapter 185 of the Laws of
1907 to require a bond to be approved by the state comptroller as a
condition of engaging in such business. And it was this bond which
the defendant furnished.

Gagliano, who was such a ticket banker, having received consid-
erable sums of money in this way, absconded. This plaintiff testified
that he had given $600 into his banking house, to be forwarded to him
in Sicily, and that it was never repaid. The defendant put in no
proof, did not ask to go to the jury on the issue of the deposit, and
joined with plaintiff's counsel in asking that a verdict be directed.
Gagliano, the absconding banker, now turns up, and he and his clerk,
La Ducca (who never left New York), are now proffered by defendant
as its newly found witnesses. They say they can give testimony to
disprove receipt of the money.

    But it appears that, although the banker had clerks in his employ,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant made no effort to call them, and was either then satisfied of the fact of this deposit, or else was negligent in its preparation. for trial.

The denial of such an application has abundant support. An absconding banker may not yield to temptation on the instant. Accounts and receipts of his office might be left to conceal, rather than to record truly, his obligations. Hence evidence, based on the absence of records, or as to the serial number of his receipts, has not even that negative value which would always be weak as against the depositor's direct proof of having handed in the money over the counter.

As a matter of discretion, where the costs already are out of proportion to the recovery, a new trial should not be had, where it would recall plaintiff from Italy to give his testimony again. Indeed, if the present judgment be vacated, a new recovery might not restore the rights of the plaintiff, as proceedings may give such creditors against this banker but a pro rata proportionate satisfaction out of the security which defendant furnished. Finally, upon the showing by the moving affidavits, a trial before another jury would almost surely lead to the same result.

The order, therefore, should be affirmed, with $10 costs and disbursements. All concur.